**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BRYAN E. BARRETT**
Rushville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAUL SPARKS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 70A01-1204-CR-140 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE RUSH CIRCUIT COURT
The Honorable David E. Northam, Judge
Cause No. 70C01-1011-FC-577

**September 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Paul Sparks contends that the trial court abused its discretion in sentencing him to six years with three years to be served in the Indiana Department of Correction because the court did not adequately explain why he should serve three years in the DOC. Finding that the trial court adequately explained its reasons, we affirm.

**Facts and Procedural History**

On November 13, 2010, Sparks unlawfully operated a car in Rush County, Indiana, after his driving privileges had been forfeited for life. The State charged Sparks with Class C felony operating a motor vehicle while privileges are forfeited for life and Class B misdemeanor false informing. Sparks and the State entered into a plea agreement whereby Sparks pled guilty to Class C felony operating a motor vehicle while privileges are forfeited for life, and the State dismissed the other charge. As for sentencing, the parties agreed as follows: "6 Years in the Indiana Dept. of Correction, all suspended but 3 years (method of execution of sentence is to be determined by the Court)." Appellant's App. p. 22. In addition, Sparks agreed that his "agreed upon sentence [wa]s appropriate in this case and hereby WAIVE[D] any future request to modify [his] sentence." *Id.* at 23.

The trial court accepted the plea agreement and sentenced Sparks to six years in the DOC with three years suspended to probation. *Id.* at 26.

Sparks now appeals.

**Discussion and Decision**

Sparks contends that the trial court abused its discretion in sentencing him to three of his six years in the DOC because the court did not adequately explain why it was sentencing him to the DOC. Sparks claims that the trial court should have considered other options, such as house arrest or work release.[1]

Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). "The trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence." *Id.* The reasons given, and the omission of reasons arguably supported by the record, are reviewable on appeal for abuse of discretion; however, the "relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse." *Id.*

A sentencing court abuses its discretion only if its decision was "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g on other grounds*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion will also be found if the trial court (1) fails "to enter a sentencing statement at all[,]" (2) enters "a sentencing statement that explains reasons for imposing a sentence – including a finding of aggravating and mitigating factors if any – but the record does not support the reasons," (3) enters a sentencing statement that "omits

---

[1] Sparks also cites the standard for challenging the appropriateness of the sentence but makes no argument that his sentence is inappropriate in light of the nature of the offense or his character. Any argument not waived by the terms of his plea agreement is thus waived by his failure to make an argument in his brief.

reasons that are clearly supported by the record and advanced for consideration," or (4) considers reasons that "are improper as a matter of law." *Id.* at 490-91.

Contrary to Sparks' contention that the trial court's sentencing statement is inadequate, we find that the trial court adequately explained its reasons for sentencing him to three years in the DOC. The trial court noted that Sparks had an "extensive" criminal history, mainly involving driving offenses. Tr. p. 16. The trial court stated,

> [The] Court notes as, as the State did that the Defendant has an extensive history of criminal convictions, the majority of which, without getting picky, the majority of which are, are related to Operating While Intoxicateds, Operating as Habitual Offenders, that go[] back all the way to 1991 . . . .

*Id.* After highlighting more of Sparks' criminal history, including a 2011 conviction in Fayette County, Indiana, for operating a motor vehicle while privileges are forfeited for life, the court concluded that three years in the DOC was appropriate based on his "pattern of activity." *Id.*

The record shows that Sparks' driver's license was suspended for life in 2001. PSI p. 3. Sparks' PSI shows numerous convictions for OWIs and operating as an HTV as far back as 1981. *Id.* at 3-5 (for example, OWI in Decatur County, Indiana, in 1981). Specifically, Sparks has six felony convictions and five misdemeanor convictions for these crimes; five of Sparks' driving convictions came after he received his lifetime suspension in 2001. *Id.*; Tr. p. 14. In May 2011, Sparks pled guilty in Fayette County to the very same crime as in this case and was serving a four-year sentence on work release and probation at the time of sentencing in this case. Tr. p. 9-10. Sparks' criminal history establishes that his lifetime driving suspension has not deterred him from driving a

4

vehicle and that the trial court had little reason to believe that Sparks would be deterred from breaking the law if the executed portion of his sentence was served in an alternate placement, such as work release. The trial court did not abuse its discretion in sentencing Sparks to three years in the DOC.

Affirmed.

MATHIAS, J., and BARNES, J., concur.